**UNITED STATES DISTRICT COURT**

**For the**

**Eastern District of Texas**

FILED

MAR 2 8 2019

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| Craig Cunningham | ) | |
| | ) | |
| _Plaintiff_ | ) | |
| | ) | |
| V | ) | Civil Action No 419CV96 |
| | ) | |
| Air Voice Inc | ) | |
| | ) | |
| _Defendant_ | ) | |

**ADMISSIONS, DENIALS & DEFENSES**

1. I would primarily like to confirm that I am an Australian citizen and have prepared this documentation without the assistance of a lawyer in the United States of America. In the event that I have made an error relating to the format of the document that I have prepared then I apologise to the Court. No discourtesy is intended.

2. In responding to matters raised in the Plaintiffs original complaint I will refer to the numbering in the Plaintiffs summons in a civil action dated 2/7/19.

3. For the avoidance of doubt all matters in the Plaintiffs complaint are denied unless they are expressly admitted within this document.

4. With respect to paragraph 1 of the Plaintiffs complaint, the Defendant can neither confirm nor deny. The Defendant is not aware of facts relating to the Plaintiff.

5. Paragraph 2 is admitted.

6. The Defendant cannot comment on paragraph 3, those parties referred to in that paragraph are also unknown to the Defendant.

7. The Defendant cannot comment on the issue of Jurisdiction, I will seek guidance from the Court with regard to the issue of jurisdiction.

8. The Defendant is a Company registered in Wyoming and has a registered office in New Jersey. The Defendant Company is involved in wholesaling international voice minutes (VOIP) to customers. The business that this company conducts is wholly outside the USA. It predominantly provides VOIP minutes to Chinese consumers based in China. Mr Vivek Babbar is the Corporate officer of the Defendant company.

9. Mr Vivek Babbar is also the Director for Air Voice PTY Limited which is registered and based in Australia, Sydney. This Company is registered as a corporate body in Australia which is a separate legal entity to Air Voice Inc (USA) (the Defendant). The main function of this Company is to provide telecommunication services and payment solutions to other companies in the telecommunications sector.

10. Air Voice PTY Limited operates a merchant bank account where on a commission they are able to take payments on behalf of third party companies.

11. The Defendant denies that it was involved in or has ever been involved in making telemarketing calls of any sort. The Defendant has no facilities or infrastructure to provide such a service. The Defendants activities are limited to those as stated in paragraph 8 above. For the avoidance of doubt the Defendant denies that it has ever made or has ever been involved in making any marketing calls.

12. The Defendant denies that it has breached the Telephone Consumer Protection Act or any other legislation prohibiting the making of any type of call.

13. The Defendant will further state that it has never had any dealings with the Plaintiff as alleged or at all.

14. The Defendant will state that Air Voice PTY Limited provided payment solutions services for one of its client. Air Voice PTY Limited will deny that they had knowledge of any wrongdoing on the part of their client .Any payment made by the Plaintiff was made to Air Voice PTY Limited and not to the Defendant.

15. The transaction referred to in the Plaintiffs original complaint at paragraph 30 is inaccurate and untrue. The Plaintiffs statement may refer to a charge, however that charge is from Air Voice PTY Limited and not the Defendant who is Air Voice Inc. The Plaintiff has issued proceedings against the wrong Company. This is a classic case of mistaken identity.

16. The Defendant does not have any facilities to receive payments from credit or debit cards as it does not operate a merchant bank account. Any payments to the Defendant can only be made by bank transfer or depositing directly into the account.

17. The Plaintiff did contact Mr Vivek Babbar with respect to the payment made to Air Voice PTY Limited and Mr Vivek Babbar did duly refund the money that was taken from the Plaintiff. The refund made by Mr Vivek Babbar to the Plaintiff was from Air Voice PTY Limited and was strictly related to the payment solution services offered by Air Voice PTY Limited. The Defendant had no involvement in this transaction.

18. The Plaintiff has made a number of allegations against the Defendant, all of which are vehemently denied. The Defendant cannot respond to them individually as the Defendant is unaware of most of which the Plaintiff is alleging.

19. The Defendant will submit that the Court should strike out the claim as the Plaintiff by his own exhibit A has accepted that he has mistaken the identity of the Company which actually received the payment. The Plaintiffs exhibit A makes specific reference to Air Voice PTY Limited, although the Plaintiff misleads the Court in his complaint by suggesting that the payment was made to the Defendant.

20. Other than the allegation made by the Plaintiff there is no independent evidence linking the Defendant to anything alleged by the Plaintiff in his complaint.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this ___27___ day of February 2019

Signature on behalf of Defendant

Address
3 Mervyn Street , Kellyville, NSW 2155, Australia

Email address babbar.vivek@gmail.com