IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:19-CV-00096-ALM-CAN |
| v. | § § | |
| AIR VOICE, INC., | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Craig Cunningham's "Motion for a Default Judgment and Request for a Hearing to Determine Damages" [Dkt. 9], "Renewed Motion for a Default Judgment and Request for a Hearing to Determine Damages" [Dkt. 19], and "Renewed Motion for a Default Judgment" [Dkt. 23] (collectively, "Motions for Default Judgment"). After reviewing Plaintiff's Motions for Default Judgment, Defendant's purported Answers and/or Responses, and all other relevant filings, the Court recommends Plaintiff's Motions for Default Judgment [Dkts. 9; 19; 23] be **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**BACKGROUND**

Plaintiff Craig Cunningham ("Plaintiff") moves the Court to enter default judgment against Defendant Air Voice, Inc. ("Defendant" or "Air Voice") under Federal Rule of Civil Procedure 55 [Dkts. 9; 19; 23]. On February 6, 2019, Plaintiff filed suit against Defendant in the Eastern District of Texas, alleging violations of (1) the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b); (2) 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d); and (3) Texas Business and Commerce Code § 305.053 [Dkt. 1 at 2-5, 10-13]. Plaintiff previously sued Defendant in the U.S.

District Court for the District of Wyoming, No. 2:18-CV-00182, which Plaintiff avers he voluntarily dismissed prior to initiating the instant suit [Dkts. 1 at 5; 19 at 1].

Plaintiff's Complaint alleges he received forty-seven calls "by or on behalf of [Defendant] Air Voice Inc.," which were each "initiated using an automated telephone dialing system as there was a 3-4 second pause of dead air before the call connected and the pre-recorded message started" [Dkt. 1 at 6]. Plaintiff further alleges these calls were made "without consent and not related to any emergency purpose . . ." [Dkt. 1 at 5-7]. Plaintiff's pleadings (and evidence) demonstrate specific days and times for the forty-seven calls from phone numbers Plaintiff avers are associated with Defendant [Dkt. 1 at 7-8; Dkt. 9-2].[1] Plaintiff further alleges the characteristics of these calls included several seconds of dead air before the call connected and an audible "bloop"—both indicative of an automatic telephone dialing system [Dkt. 1 at 6].

Return of service is on file as to Defendant, which recites Plaintiff served Defendant with the Complaint on February 11, 2019 [Dkt. 4]. Defendant's answer was due on March 4, 2019. Defendant failed to answer Plaintiff's Complaint or otherwise appear in this action. On March 6, 2019, Plaintiff moved for clerk's entry of default with an affidavit in support, as "[m]ore than 21 days have passed beyond the date of service, and the defendant[] ha[s] still not filed a responsive pleading or answer to the complaint" [Dkts. 7 at 1; 7-1]. Attached to Plaintiff's Motion for the Clerk's Entry of Default was a signed affidavit that declared Defendant was served with process and was not granted an extension or any extension has expired, is not an infant or incompetent, and was not in active military service of the United States at least six months prior to the filing of the case [Dkt. 7-1]. On March 8, 2019, the Clerk entered default against Defendant, stating Defendant "failed to plead or otherwise defend herein as provided by the Federal Rules of Civil

---

[1] On April 22, 2019, Plaintiff moved for leave to file a manual exhibit, which Plaintiff represents is a USB drive that includes sixteen call recordings made by or on behalf of Defendant [Dkt. 18].

Procedure" [Dkt. 8]. The same day, Plaintiff filed his "Motion for a Default Judgment and Request for a Hearing to Determine Damages," wherein Plaintiff argues Defendant is "liable for a sum of $211,500" for violations of federal and state law [Dkt. 9]. Plaintiff filed an affidavit in support of this motion, which includes an exhibit that is "a true and accurate representation of the calls which I exported directly from my phone records" [Dkt. 9-1].

After the clerk's entry of default, *pro se* Vivek Babbar purported to file a responsive pleading on behalf of Air Voice [Dkt. 12]. Babbar is not named as a defendant in the instant suit and has advised that he is not a licensed attorney. On March 29, 2019, Plaintiff moved the Court to strike Babbar's purported answer on behalf of Defendant, arguing (1) Babbar, who is unlicensed to practice law in the State of Texas, cannot submit a responsive pleading on behalf of a corporation; and (2) the clerk already entered default after Defendant was served and failed to file a responsive pleading [Dkt. 13]. Babbar, thereafter, made additional filings, which Plaintiff also moved to strike [Dkt. 17]. On January 21, 2020, the undersigned recommended Plaintiff's Motions to Strike be granted to the extent it strikes any purported answer from the record [Dkt. 28].

Subsequent to the filing of his initial motion for default judgment, Plaintiff also filed a second Motion for Default Judgment [Dkt. 19 at 1] and a third Motion for Default Judgment [Dkt. 23]. On January 29, 2020, the Court set a hearing for February 13, 2020, on Plaintiff's three pending Motions for Default Judgment; the Court further directed the Clerk to send a copy of such order via regular and certified mail to Defendant at its last known address [Dkt. 29]. Defendant acknowledged receipt of the Order setting hearing [Dkt. 33].

The Court conducted an evidentiary hearing on February 13, 2020 ("Hearing"). At Hearing, Defendant failed to appear. By way of his Complaint, Motions for Default Judgment, and as demonstrated at Hearing, Plaintiff seeks (1) statutory damages of $500.00 or $1,500.00 per

phone call (for knowing or willful violations) under the TCPA, 47 U.S.C. § 227(b); (2) statutory damages of $500.00 or $1,500.00 per phone call (for knowing or willful violations) under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(1); and (3) statutory damages of $500.00 or $1,500.00 per phone call (for knowing or willful violations) under Texas Business and Commerce Code § 305.053 [Dkt. 1 at 5, 10-13]. Plaintiff confirmed he seeks damages stemming from forty-seven (47) calls made by or on behalf of Defendant. In support of his Motions for Default Judgment, Plaintiff has proffered two affidavits and a spreadsheet of the offending calls [Dkts. 9-1; 19-1], as well as a USB drive that includes certain of the call recordings made by or on behalf of Defendant. Plaintiff also seeks interest, costs, and attorneys' fees.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* Here, because Defendant has failed to properly answer or otherwise respond to Plaintiff's suit and Plaintiff has obtained an entry of default, the first two requisites for a default judgment have been met.[2] Thus, the only remaining issue for determination is whether a default judgment is warranted.

---

[2] *Pro se* Vivek Babbar purported to file two Answers and/or Responses to Plaintiff's Motions on behalf of Defendant Air Voice, Inc. [Dkts 15; 20]. On January 21, 2020, the undersigned recommended Plaintiff's Motions to Strike [Dkts. 13; 17] be granted to the extent that it strikes Defendant's purported answer from the record [Dkt. 28 at 5]. The instant recommendation is contingent upon the District Court's adoption of the recommendation on Plaintiff's Motion to Strike.

Entry of default judgment is within the Court's discretion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004); FED. R. CIV. P. 55(b). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey*, 161 F.3d at 893).

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (Mazzant, J.) (citing *Lindsey*, 161 F.3d at 893). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co.*, 515 F.2d at 1206 (citing *Ohio Cent. R.R. Co. v. Cent. Tr. Co. of New York, 1889*, 133 U.S. 83 (1890)). On the other hand, "a defendant's default does not concede the truth of allegations of the complaint concerning damages." *Graham*, 2017 WL 2600318, at *1 (citing *Jackson v. FIE Corp.*, 302 F.3d 151, 524-25 (5th Cir. 2002)).

## ANALYSIS

### *1. Default Judgment is Procedurally Warranted*

"The Court must first determine whether a default judgment is procedurally warranted." *Id.* at *2 (citing *Lindsey*, 161 F.3d at 893). There are six factors relevant to this inquiry:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by good faith mistake or excusable neglect; [5] the harshness of default judgment; and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Id.* On balance, the factors favor granting default judgement against Defendant. First, there are no material issues of fact in the instant case. *See id.* ("[W]hen a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact, and therefore, there are no material issues of fact."). Second, Plaintiff's "interests [are] prejudiced because [Defendant's] failure to respond [brings] the adversary process to a halt." *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893). Under the third and fifth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts as Defendant has received both ample notice of this action and sufficient time to respond and/or hire an attorney to represent it. *See Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *3 (N.D. Tex. May 29, 2018), *report and recommendation adopted*, 2018 WL 3117529 (N.D. Tex. June 25, 2018) (citing *Lindsey*, 161 F.3d at 893). Plaintiff has not contributed to the delay in this case, and there does not appear at present to be any basis upon which the Court would be obligated to set aside the default. Plaintiff, accordingly, has met the procedural requirements for default judgment. *See id*. (citing *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016)). As such, the Court finds that default judgment is procedurally warranted.

### *2. Sufficient Basis in the Pleadings to Enter Default Judgment*

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). However, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see also Graham*, 2017 WL 2600318, at *1. Only well-pleaded facts, not conclusions of law, are presumed to be true. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This low threshold is less rigorous than that under Rule 12(b)(6). Recognizing that "a defendant ordinarily must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at n.3.

### *Section 227(b) and the Texas Business and Commerce Code*

"Section 227(b) of the TCPA makes it unlawful for any person 'to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged

for the call,' or 'to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.'" *TechStorm*, 2018 WL 3118400, at *3 (quoting 47 U.S.C. § 227(b)(1)(A)(iii), (B)). "The TCPA defines 'automatic telephone dialing system' as equipment with the capacity to 'store or produce telephone numbers to be called, using a random or sequential number generator,' and to dial such numbers." *Id.* (quoting 47 U.S.C. § 227(a)(1)). "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party." *Id.* (citing 47 U.S.C. § 227(b)(1)(A); *Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017)).

Under Texas law, "[a] person who receives a communication that violates 47 U.S.C. Section 227 . . . may bring an action in this state against the person who originates the communication for . . . damages in the amount provided by this section." TEX. BUS. & COM. CODE § 305.053(a)(2). By establishing a violation under 47 U.S.C. § 227, a party has also established a violation under the related statute in the Texas Business and Commerce Code. *See Cunningham v. CBC Conglomerate LLC*, No. 4:17-CV-00793-ALM-CAN, 2019 WL 7500497, at *8 (E.D. Tex. Dec. 4, 2019) (citing *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273, at *9 (E.D. Tex. Sept. 14, 2018)), *report and recommendation adopted*, 2020 WL 70917 (E.D. Tex. Jan. 7, 2020).

Plaintiff has alleged sufficient facts to state a claim under § 227(b) of the TCPA for calls made to his cell phone. Specifically, Plaintiff alleged "calls were placed [to his cell phone] by or on behalf of Air Voice, Inc., to the Plaintiff in this case without consent and not related to any emergency purpose as alleged in this complaint" [Dkt. 1 at 5]. Plaintiff further alleged Defendant

"placed calls to Plaintiff's cell phone that were initiated using an automated telephone dialing system and contained a pre-recorded message" [Dkt. 1 at 5-6]. In support of his assertion that an automated dialing system was used, Plaintiff stated "there was a 3-4 second pause of dead air before the call connected and the pre-recorded message started" [Dkt. 1 at 6]. Plaintiff's also specifically provided the language of a pre-recorded message, which stated, "This is not a solicitation call. Hi, this is the credit card holder reward center with Visa Mastercard. We have been monitoring your credit card accounts for the last 6 months. Congratulations on your excellent payment history" [Dkt. 1 at 6].

Plaintiff additionally specifies the frequency/times of the calls and the reasons for his contention that it was Defendant who called him. In his Complaint, Plaintiff states there were "at least 47 calls by or on behalf of Air Voice Inc." [Dkt. 1 at 6], and Plaintiff provides a list of each of these calls [Dkt. 1 at 8]. Plaintiff alleges Defendant "did not have a written do-not-call policy while it was sending calls to [Plaintiff] indicated by continued calls after the Plaintiff had sued them," and that Defendant "did not train its agents engaged in telemarketing on the existence and use of any do-not-call list" [Dkt. 1 at 8]. Further, "[t]he calls and the repeated instances of them for months after Plaintiff filed the [prior Wyoming] lawsuit indicates that all the calls were knowing and willfully placed and that the defendants lack an internal do not call policy and have not trained their agents on the use of an internal do-not-call policy list . . ." [Dkt. 1 at 10]. Furthermore, attached to Plaintiff's first Motion for Default Judgment is a signed affidavit, which states, "I am making this affidavit based on my personal knowledge of the facts in this case. I received at least 47 calls on behalf of Air Voice Inc. The spreadsheet in exhibit A is a true and accurate representation of the calls which I exported directly from my phone records" [Dkt. 9-1]. The attached spreadsheet indeed lists forty-seven calls placed between 2018 and 2019, which also

includes the phone numbers associated with the calls from Defendant [Dkt. 9-2; *see also* Dkt. 19-1]. At Hearing, Plaintiff confirmed he indeed seeks relief for forty-seven calls. Plaintiff's pleadings present sufficient factual context to notify Defendant of the conduct charged. Plaintiff has sufficiently pleaded that Defendant violated § 227(b) of the TCPA and the Texas Business and Commerce Code.[3]

### *Section 227(c)(5) and 47 C.F.R. § 64.1200(d)*

Plaintiff also brings a claim under § 227(c)(5) of the TCPA for violations of 47 C.F.R. § 64.1200(b). Section 227(c)(5) of the TCPA states "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(c)(5). 47 C.F.R. § 64.1200(d), which was promulgated under § 227, states that "[n]o person or entity shall initiate any call for telemarketing purposes to a *residential telephone subscriber* unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added). "The regulation relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." *See Bailey v. Domino's Pizza,*

---

[3] *See* 47 U.S.C. § 227(b)(1)(A)(iii) (Under the TCPA, it is "unlawful for any person . . . to *make any call* . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . .") (emphasis added); 47 U.S.C. § 227(b)(1)(B) (Under the TCPA, it is "unlawful for any person . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes . . . .").

*LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012).

Plaintiff has not sufficiently alleged a violation of § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(d). 47 C.F.R. § 64.1200(d) applies "to a *residential telephone subscriber*." *See* 47 C.F.R. § 64.1200(d) (emphasis added). Plaintiff alleges, and indeed confirmed at Hearing, that the calls were made to his cell phone—not a residential telephone. Various courts have considered similar claims by Plaintiff and found that the regulation does not encompass Plaintiff's cell phone. *See, e.g.*, *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524737 (E.D. Tex. June 19, 2019); *Cunningham v. Sunshine Consulting Group, LLC*, No. 3:16-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018); *Cunningham v. Rapid Capital Funding, LLC*, No. 3:16-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017); *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *7 (M.D. Tenn. July 7, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 WL 2719992, at *5-6 (M.D. Tenn. June 23, 2017); *see also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017) (citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) ("To start with, the case concerned 47 U.S.C. § 227(b)(1)(B), which prohibits 'initiat[ing] any [prohibited] telephone call to any residential telephone line . . . .' [T]he telephone number in question here . . . is a cell-phone number."); *Bates v. I.C. Sys., Inc.*, No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y. Oct. 19, 2009) ("[T]he TCPA differentiates between calls made to cellular and residential lines.")).

Additionally, Plaintiff does not allege that he made any affirmative request to Defendant to stop calling him or to put him on a company specific do not call list. Nor does he allege he

REPORT AND RECOMMENDATION – Page 11

requested a copy of Defendant's do not call procedures.[4] As such, it is not clear how the provision was violated. Plaintiff has not provided a sufficient basis in the pleadings to proceed on his TCPA claim under § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(d). *See Cunningham v. TechStorm, LLC*, No. 3:16-cv-2879-S-BH, 2018 WL 3118400, at *4 (N.D. Tex. May 29, 2018) *report and recommendation adopted,* 3:16-CV-2879-S-BH, 2018 WL 3117529 (N.D. Tex. June 25, 2018); *Cunningham v. Professional Education Institute, Inc.*, No. 4:17-CV-894, 2018 WL 6709515 (E.D. Tex. Nov. 5, 2018).[5] Plaintiff is not entitled to damages under § 227(c)(5).

### 3. *Damages*

Because Plaintiff has provided a sufficient basis in the pleadings for default judgment on his claims under § 227(b) of the TCPA and § 305.053(a)(2) of the Texas Business and Commerce Code, the Court must now determine whether a specific amount of damages can be determined by reference to information in the pleadings and supporting documents on file. In sum, the Court must determine "what form of relief, if any, a plaintiff should receive." *Graham*, 2017 WL 2600318, at *1 (citing *Lindsey*, 161 F.3d at 893).

As stated *supra*, Plaintiff alleges he received forty-seven calls placed by or on behalf of Defendant. Related to his claims for which he is entitled to damages, Plaintiff seeks (1) statutory

---

[4] Notably, Plaintiff baldly and vaguely asserts Defendant "did not have a written do-not-call policy while it was sending calls to [Plaintiff] indicated by continued calls after the Plaintiff had sued them. On information and belief, [Defendant] did not train its agents engaged in telemarketing on the existence and use of any do-not-call list" [Dkt. 1 at 8]. Further, Plaintiff states: "These calls and the repeated instances of them for months after the Plaintiff filed the lawsuit indicates that all the calls were knowing and willfully placed and that [Defendant] lack[s] an internal do not call policy and [has] not trained [its] agents on the use of an internal do-not-call policy list in violation of 47 USC 227(c)(5) [sic]" [Dkt. 1 at 10]. Plaintiff makes the same conclusory statements in his Motions for Default Judgment [Dkts. 9 at 2; 19 at 6-7].

[5] Plaintiff has brought claims under § 227(c)(5) before this Court previously. *See Mark D. Guidubaldi and Assocs., LLC*, No. 4:18-cv-00118-ALM-CAN, 2019 WL 1119365, at *9-10; *Cunningham v. Florio*, No. 4:17-cv-00839-ALM-CAN, 2018 WL 4473792, at *13 (E.D. Tex. Aug. 6, 2018); *Cunningham v. Greenstar Capital Solutions, LLC*, No. 4:18-cv-000161-ALM-CAN, 2018 WL 4572711, at *5 (E.D. Tex. Aug. 1, 2018); *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-cv-00043-ALM-CAN, 2018 WL 6424792, at *7 (E.D. Tex. Oct. 14, 2018); *Professional Education Institute, Inc.*, No. 4:17-cv-00894-ALM-CAN, 2018 WL 6709515, at *6. Plaintiff's § 227(c)(5) claims in those cases were dismissed for similar reasons—including that Plaintiff never alleged he made an *affirmative request* to not receive calls. Plaintiff is therefore aware of and/or otherwise on notice of how to properly plead such claim.

damages of $500.00 or $1,500.00 per phone call (for knowing or willful violations) under the TCPA, 47 U.S.C. § 227(b); and (2) statutory damages of $500.00 or $1,500.00 per phone call (for knowing or willful violations) under Texas Business and Commerce Code § 305.053 [Dkt. 1 at 5, 10-13].

"When a plaintiff succeeds on a TCPA claim, he can recover the greater of actual damages or $500 for each violation of § 227(b)(1)(A)."[6] *TechStorm*, 2018 WL 3118400, at *5 (citing 47 U.S.C. § 227(b)(3)). 47 U.S.C. § 227(b)(3) only permits a plaintiff to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation," which may be increased "not more than 3 times" if a court finds that "the defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3)(B). Plaintiff has shown Defendant is liable for forty-seven violations of § 227(b) of the TCPA, requiring a *minimum* award of $23,500.00.

Plaintiff appears to request treble damages by nature of asking for $1,500.00 per phone call. *See* 47 U.S.C. § 227(b)(3). At Hearing, Plaintiff confirmed he seeks treble damages for each call. At Hearing, Plaintiff argued (1) the nature of the calls—debt relief—indicates willful and knowing violations; and (2) all calls made after the prior lawsuit filed by Plaintiff in Wyoming against Defendant and later voluntarily dismissed were willful and knowing. Under the TCPA, a court may, in its discretion, award double or even triple damages for any "willful or knowing" violations of § 227(b). 47 U.S.C. § 227(b)(3). A willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001); *see also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 727 (S.D. N.Y. 2015) ("[Defendant] had knowledge through its agent that [plaintiff] did not consent to further robo-calls[,] and

---

[6] Plaintiff has provided no evidence of his actual monetary damages from which the Court could mathematically determine the damage done to him, if any; as such, the Court must look to the statutory damages.

[t]herefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate."). The Court takes judicial notice of Plaintiff's suit against Defendant in the U.S. District Court for the District of Wyoming, which was filed on November 5, 2018, and with which Defendant was served on November 14, 2018. *Cunningham v. Air Voice*, No. 2:18-CV-00182 (D. Wyo. filed Nov. 5, 2018).

Based upon Plaintiff's pleadings, affidavit, and Hearing testimony, the Court finds that, as of the date Defendant was served in the Wyoming suit, Defendant had a reason to know, or should have known, that its conduct would violate the TCPA or that its conduct was "more than negligent." *See Cunningham v. Crosby Billing Services, Corp.*, No. 4:18-CV-00043-ALM-CAN, 2018 WL 6424792, at *10 (E.D. Tex. Oct. 14, 2018) (citing *Baemmert v. Credit One Bank, N.A.*, 271 F. Supp. 3d 1043, 1052 (W.D. Wis. 2017); *Am. Blastfax, Inc.*, 164 F. Supp. 2d at 899; *j2 Global Communications Inc. v. Blue Jay Inc.*, No. C 08-4252 PJH, 2009 WL 4572726, at *8 (N.D. Cal. Dec. 1, 2009)), *report and recommendation adopted*, No. 4:18-CV-43, 2018 WL 6424695 (E.D. Tex. Dec. 5, 2018). In the Wyoming lawsuit, Plaintiff filed suit against Defendant for violations of the TCPA for phone calls made to his cell phone number. The Wyoming lawsuit involves the same conduct, the same claims for relief, and the same phone number. "[C]ertainly the initiation of a lawsuit filed against Defendant[] for making automated calls to Plaintiff's cellphone number in violation of the TCPA, which is pleaded to be the same cell phone number as the instant case, gives Defendant[] reason to know that [its] conduct may potentially violate the TCPA." *Crosby Billing Services, Corp.*, 2018 WL 6424792, at *10. Because seventeen of the forty-seven calls were made after Defendant was served in the Wyoming suit on November 14, 2018, those seventeen calls are sufficiently alleged to have been made knowingly and willfully in violation of the TCPA such that a trebling of damages is appropriate. *See American Blastfax, Inc.*,

164 F. Supp. 2d at 899 (trebling TCPA statutory damages from $196,875.00 to $459,375.00 "[b]ecause the defendants' conduct was willful and knowing"); *Warman v. Law Office of Daniel M. Slane*, No. 14-CV-700 (LJV), 2017 WL 971196, at *6 (W.D.N.Y. March 13, 2017) (trebling TCPA statutory damages to $1,500.00 per call where defendant willfully and knowingly continued to make phone calls after plaintiff "asked that the calls stop" but defendant kept calling anyway); *j2 Global Communications Inc.*, 2009 WL 4572726, at *8 (trebling plaintiff's statutory damages from $14,000.00 to $42,000.00 where legal action had been brought against defendant before for violations of the TCPA). Accordingly, the Court, in its discretion, trebles the statutory damages for seventeen of the forty-seven phone calls and finds that Plaintiff is entitled to a total damages award in the amount of $40,500.00.

Plaintiff in addition seeks damages under the Texas Business and Commerce Code. But "[b]ecause [Plaintiff] has already been awarded $500 for [the] violation of Section 227(b), he is not entitled to any additional monetary damages for the corresponding violation of Section 305.053." *See Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *5 (S.D. Tex. Apr. 24, 2019) (citing *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013)), *report and recommendation adopted*, 2019 WL 2103423 (S.D. Tex. May 14, 2019).

Plaintiff also seeks "costs of bringing this action" [Dkt. 111 at 18]. In Plaintiff's Motions for Default Judgment, Plaintiff states he "seeks the recovery of his filing fee of $400" [Dkts. 9 at 3; 19 at 7]. Plaintiff's Complaint further requests an award of "interest, costs and attorneys' fees" [Dkt. 1 at 14]. Plaintiff cites no other authority for such recovery; he has not demonstrated that the TCPA allows for recovery of such items. Additionally, Plaintiff has not demonstrated entitlement to fees incurred for private service of process. *See Vanderbilt Mortg. & Fin., Inc. v.*

*Flores*, No. C-09-312, 2011 WL 2160928, at *21-22 (S.D. Tex. May 27, 2011). Accordingly, the Court should not award costs.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's Motions for Default Judgment [Dkts. 9; 19; 23] be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff should be awarded $40,500.00 as statutory damages for Defendant's violations of § 227(b) of the TCPA.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of February, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE